**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LIBERTY INTERNATIONAL UNDERWRITERS, | : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 3:06-cv-447(JCH) |
| v. | : : | |
| JOHN M. CLAYDON, JR., | : | |
| Defendant. | : | JUNE 19, 2007 |

**RULING RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DOC. NO. 38]**

The plaintiff, Liberty International Underwriters ("Liberty"), brought this action against the defendant, John M. Claydon, Jr. ("Claydon"), seeking a declaratory judgment that Liberty may rescind an insurance policy it issued to him. Liberty seeks to rescind the policy, issued through its subsidiary Liberty Insurance Underwriters, due to material misrepresentations made by Claydon in the application for that policy.

Liberty has moved for summary judgment (Doc. No. 38) against Claydon, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, Liberty's motion for summary judgment is granted.

**STANDARD OF REVIEW**

In a motion for summary judgment, the burden lies on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); SCS Communications, Inc. v. Herrick Co., 360 F.3d 329, 338 (2d Cir. 2004). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . ." Miner v. City of

Glens Falls, 999 F.2d 655, 661 (2d Cir. 1993) (internal quotation marks and citation omitted).  When the nonmoving party makes no response to the motion, summary judgement is appropriate so long as the moving party has met its burden.  See Fed. R. Civ. P. 56(e); Amaker v Foley, 274 F.3d 677, 681 (2d Cir. 2001).

**FACTS**[1]

In April 2004, Claydon applied to Liberty for a Lawyers Professional Liability policy.  Based on Claydon's application, Liberty issued him a Policy numbered LPA 197101-014 for the period between May 7, 2004 and May 7, 2005 (the "Policy").

Liberty later discovered that Claydon had made several false statements on his application.  Specifically, he claimed that he had no business relationships with clients when he was, in fact, serving as an officer for three corporations which he also represented as counsel.  Local Rule 56(a)(1) Stat. (Dkt. No. 38),  Exh. A at Tab 3, p. 3 and Exh. I to Exh. C.  On his application Claydon indicated that he had never sued a client for unpaid fees when, in fact, he had. Id., Exh. A at Tab 3, p. 14 and Exh. J. to Exh. C.  He also stated that he had had no incidents under his previous policy that may lead to a claim against him, but later admitted in an affidavit for this matter that he had committed larceny against his client during that period. Id., Exh. A at Tab 3, p. 14 and Exh. B, p. 6-7.

**DISCUSSION**

"Under Connecticut law, an insurance policy may be voided by the insurer if the

---

[1] Claydon did not file an opposition or submit a Local Rule 56(a)(2) statement.  Under Local Rule 56(a)(1), and as Claydon was advised in the notice served on him by Liberty (Notice to Pro Se Litigant, Dkt. No. 38, Att. 5), the facts set forth in Liberty's Local Rule 56(a)(1) statement are admitted.  Local Rule 56(a)(1)(D. Conn.).

applicant made material representations. . . relied on by the company, which were untrue and known by the assured to be untrue when made." Pinette v Assurance Co. of America, 52 F.3d 407, 409 (2d Cir. 1995) (internal quotation marks and citations omitted). The court concludes that there is no genuine issue of material fact; the undisputed record demonstrates that Claydon knowingly made material misrepresentations, which were relied upon by Liberty in issuing the Policy.

**CONCLUSION**

For the foregoing reasons, Liberty's Motion for Summary Judgment (Doc. No. 38) is GRANTED. The clerk is hereby directed to close the case.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 19th day of June, 2007.

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge